UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

FATHER DEMETRIOS KEHAGIAS,

        Plaintiff,

    - against -

PHILADELPHIA INDEMNITY INSURANCE
COMPANY, HARLEYSVILLE INSURANCE
COMPANY OF NEW YORK, NATIONWIDE
MUTUAL INSURANCE COMPANY as the
successor by merger of HARLEYSVILLE
MUTUAL INSURANCE COMPANY,

        Defendants.

------------------------------------------------------------X

23-CV-7567 (ALC) (RWL)

**DECISION & ORDER:
INTERVENTION**

**ROBERT W. LEHRBURGER, United States Magistrate Judge.**

  Plaintiff, Father Demetrios Kehagias ("Plaintiff" or "Father Kehagias"), has sued Defendant insurance companies (the "Insurers") for a declaration that they have a contractual obligation to pay for costs of his defense and indemnify him for potential liability in an underlying state court action (the "State Action"). The plaintiffs in the State Action, two minors acting by and through their parents (the "Movants"), have moved to intervene in the instant action pursuant to Federal Rule of Civil Procedure 24 ("Rule 24"). Movants contend that Father Kehagias, who is bankrupt, will not adequately protect their interest in securing a declaration of coverage in favor of Father Kehagias in the event that Movants obtain a judgment against him in the State Action. As discussed below, the motion to intervene will be denied without prejudice, and Movants will be permitted, as amici curiae, to submit briefing on summary judgment in the event they do not obtain a judgment and intervention before then.

1

**Background[1]**

In the State Action, Movants claim that the minor son of Father Kehagias committed sexual battery, and that the persons who should be held liable include Father Kehagias; the church where the incident allegedly took place, Holy Resurrection Greek Orthodox Church of Brookville, New York (the "Church"); and the Greek Orthodox Archdiocese of America (the "Archdiocese").   The Church and the Archdiocese successfully moved for summary judgment on the basis that the alleged incident was not within the scope of Father Kehagias's employment.   *A.M. v. Holy Resurrection Greek Orthodox Church of Brookville*, 190 A.D.3d 470, 135 N.Y.S.3d 823 (1st Dep't 2021) (Mermelstein Decl. Ex. B).  As a result, Father Kehagias is the lone defendant in the State Action.   Movants have not obtained a judgment in the State Action.   Jury selection is slated to begin on March 11, 2024.

After the State Action had commenced, Father Kehagias filed a petition for Chapter 7 bankruptcy, and a discharge was entered on January 18, 2018.  (Mermelstein Decl. Ex. C.)   During that proceeding, the bankruptcy court granted Movants relief from the automatic stay so that they could prosecute the State Action to establish liability and damages against Father Kehagias.  The court ruled, however, that Movants could *collect* any settlement or judgment solely from insurance proceeds, not from Father Kehagias personally.  (Mermelstein Decl. Ex. D, pp. 1-2.)

---

[1] The facts set forth above are drawn primarily from the Declaration of Stuart Mermelstein filed November 22, 2023 (Dkt. 28) ("Mermelstein Decl.") and exhibits thereto, and the second Declaration of Stuart Mermelstein filed November 22, 2023 (Dkt. 34-1) ("Second Mermelstein Decl."), and exhibits thereto.

Following his discharge in bankruptcy and the dismissal of the Church and the Archdiocese from the State Action, Father Kehagias moved for summary judgment in the State Action.  He argued that, based on the state court's finding that the conduct alleged was outside the scope of his employment, he was **not** entitled to coverage by the Insurers.  And because he could not be held personally liable, the argument went, there was no recovery to be had thus warranting dismissal.  The state court denied Father Kehagias's motion, and the appellate court affirmed.  *A.M. v. Holy Resurrection Greek Orthodox Church of Brookville*, 199 A.D. 3d 489, 154 N.Y.S.3d 414 (1st Dep't 2021) (Mermelstein Decl. Ex. E).  The appellate court rejected Father Kehagias's logic, stating that "[t]he liability in tort of the Church and Archdiocese, on the one hand, and whether their insurance carriers properly disclaimed coverage of Kehagias, on the other, are separate issues."  *Id.* 154 N.Y.S.3d at 414.  The court also noted that "the issue of insurance coverage is not yet ripe, since there has been no judgment entered against Kehagias." *Id.*

The instant action began as a third-party claim filed by Father Kehagias in the State Action.  On August 21, 2023, however, the state court severed Father Kehagias's claim against the Insurers, and, on August 25, 2023, the action was removed to this Court on the basis of diversity jurisdiction.  (Dkt. 1 Ex. U.)  On November 7, 2023, the parties reported to the Court that, with much of discovery having taken place in the underlying action, the parties needed only 90 days to conduct focused discovery, to be followed by summary judgment briefing.  (Dkt. 18.)  Movants filed their motion to intervene on November 22, 2023.  (Dkt. 28-30.)  In their proposed Intervention Complaint, Movants directly seek relief against the Insurers for a declaration that they are "obligated…to pay

any judgment issued or settlement reached in favor of [Movants] resulting from the negligence claims asserted against Father Kehagias in the State Court Action. (*See* Mermelstein Decl. Ex. A at ¶¶ 16, 21.)

The Insurers opposed the motion. (Dkts. 30, 33.) Father Kehagias initially took no position on the motion to intervene. (Dkt. 32.) In reply, however, Movants raised the prospect of alternative forms of relief in the event their motion to intervene were denied – either appearing as amici curiae or staying the instant action pending judgment in the State Action. (Movants' Reply at 9-10.[2]) The Court then invited sur-replies from the Insurers so they could provide their views on the alternative relief requested. (Dkt. 35.) The Insurers do not object to a stay. (Dkt. 37, 40.) One of the Insurers – Philadelphia Indemnity Insurance Company ("Philadelphia") – objects to Movants' participation as amici curiae. (Dkt. 37 at 2.) The other Insurer – Harleysville Insurance Company of New York ("Harleysville") – prefers a stay among the alternatives presented. (Dkt. 40.) Father Kehagias, who also received permission to submit a further reply, opposes a stay with respect to any determination of coverage for his defense but does not oppose a stay of a decision on indemnification. (Kehagias Sur-Reply.[3]) He has not commented on the alternative of Movants participating as amici curiae.

## Discussion

Movants are not entitled to intervention as of right, and the Court, in its discretion, declines to permit intervention. Movants interest is at best contingent. They have not

---

[2] "Movants' Reply" refers to Reply Memorandum Of Law In Support Of Motion To Intervene filed on Dec. 8, 2023 (Dkt. 34).

[3] "Kehagias Sur-Reply" refers to Father Kehagias's Letter Motion filed on Dec. 14, 2023 (Dkt. 39).

obtained a judgment in their favor in the State Action, which is a condition precedent to direct action against the Insurers.  Further, their interests, at this juncture, will be adequately protected by Father Kehagias's prosecution of the case as Father Kehagias has an interest in securing coverage at least for his defense.

## A.    Legal Standards For Intervention

Rule 24 allows intervention either as of right or permissively at the discretion of the court.

### 1.  Intervention As Of Right

As relevant here, a court, "must permit anyone to intervene who: … claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately protect that interest."  Fed. R. Civ. P. 24(a)(2).  To intervene as of right, "a movant must: (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action."  *Brennan v. New York City Board of Education*, 260 F.3d 123, 128-29 (2d Cir. 2001) (internal citation omitted).  "Failure to satisfy any one of these four requirements is a sufficient ground to deny the application."  *R Best Produce, Inc. v. Shulman-Rabin Marketing Corp.,* 467 F.3d 238, 241 (2d Cir. 2006) (internal quotation marks and alteration omitted).

"The term 'interest' in this context defies simple definition, yet the Second Circuit has observed that the interest must be 'direct, as opposed to remote or contingent' and 'significantly protectable.'"  *Continental Indemnity Co. v. Bulson Management, LLC*, No.

20-CV-3479, 2020 WL 6586156, *2 (S.D.N.Y. Nov. 10, 2020) (quoting *Restor-A-Dent Dental Laboratories, Inc. v. Certified Alloy Product, Inc.*, 725 F.2d 871, 874 (2d Cir. 1984)). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *United States v. Peoples Benefit Life Insurance Co.*, 271 F.3d 411, 415 (2d Cir. 2001); *see also Washington Electric Cooperative, Inc. v. Massachusetts Municipal Wholesale Electric Co.*, 922 F.2d 92, 97 (2d Cir. 1990) (denying intervention where proposed intervenor's interest was based upon double contingency); *Restor-A-Dent*, 725 F.2d at 875 (same).

In applying Rule 24, courts "accept as true the non-conclusory allegations of the motion and must be mindful that each intervention case is highly fact specific and tends to resist comparison to prior cases." *Aristocrat Leisure Ltd. v. Duetsche Bank Trust Company Americas*, 262 F.R.D. 348, 352 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

## 2. Permissive Intervention

Rule 24(b) permits intervention on a timely motion where the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). Permissive intervention is "discretionary and should be construed liberally." *Bulson* Management, 2020 WL 6586156, at *3. In exercising its discretion, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). The court also considers factors similar to those considered for intervention as of right. *R Best Produce*, 467 F.3d at 241 ("The court considers substantially the same factors whether the claim

for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P . 24(b)(2)").

## B.    Application

The timeliness of Movants' motion to intervene is not disputed.[4]   Rather, the Movants and the parties focus on the Movants' interest, or lack thereof, and whether Father Kehagias will adequately protect that interest.

### 1.    Movants' Interest

Movants argue that they have an interest in the action because, if a judgment is rendered in their favor in the State Action, they can obtain payment from only the Insurers and not Father Kehagias personally as a result of his bankruptcy discharge.   Movants further argue that Father Kehagias is not motivated to adequately protect their interests because he has no economic stake in the outcome and already has taken a position that he is not covered by the Insurers, which is antithetical to the Movants' interest.

As the Insurers emphasize, however, there is a legal impediment to what Movants seek to achieve: direct action against the Insurers without having yet obtained a judgment. New York insurance law allows a person who has obtained a judgment that has not been paid within 30 days to take direct action against the insured.   N.Y. Ins. Law § 3420(a)(2) and (b).[5]   The requirements of the statute are substantive in nature, not procedural, and

---

[4] Movants raised their motion on November 14, 2023 (Dkt. 20), less than three months after the action was severed from the State Action and removed to federal court.

[5] In relevant part, the statute provides that "an action may be maintained by the following persons against the insurer upon any policy or contract of liability insurance that is governed by such paragraph, to recover the amount of a judgment against the insured or his personal representative: (1) any person who, or the personal representative of any person who, has obtained a judgment against the insured or the insured's personal representative, for damages for injury sustained or loss or damage occasioned during the life of the policy or contract."   § 3420(b).   The condition that the judgment remain

thus must be applied in federal court.  *Zyburo v. Continental Casualty Co.*, 60 F. Supp.3d 531, 534 (S.D.N.Y. 2014) ("the New York Court of Appeals has stated unequivocally that the underlying state statute here involved is substantive in nature") (citing *Lang v. Hanover Insurance Co.*, 3 N.Y.3d 350, 787 N.Y.S.2d 21 (2004)).

Courts within this Circuit thus have consistently held that injured parties – such as Movants – have no standing to pursue a declaratory judgment against an insurer unless and until the requirements of § 3420, including securing a judgment, have been satisfied. *See, e.g.*, *Knox v. Ironshore Indemnity Inc.*, 20-CV-4401, 2021 WL 256948, at *3-4 (S.D.N.Y. Jan. 26, 2021) ("Since Plaintiffs do not have a judgment against the insured party Varvatos, Plaintiffs have not satisfied a condition precedent to suit under the direct action statute"); *Zyburo*, 60 F. Supp.3d at 535 (dismissing without prejudice to refiling if and when plaintiff obtains judgment); *American Steamship Owners Mutual Protection and Indemnity Association, Inc. v. Alcoa Steamship Co.,* No. 04-CV-4309, 2005 WL 427593, at *6 (S.D.N.Y. Feb. 22, 2005) (citing cases); *Vargas v. Boston Chicken, Inc.*, 269 F. Supp.2d 92, 97 (E.D.N.Y. 2003) (granting motion to dismiss because "the instant action is contingent on a future event, namely the plaintiff's success in the underlying action, which is beyond the parties' control and may not occur. Accordingly, this action is premature, until the plaintiff secures a judgment against [the insured defendant].").[6]

---

unsatisfied for 30 days appears in an earlier section requiring insurance contracts to include a provision that "in case judgment against the insured … in an action brought to recover damages for injury sustained … during the life of the policy … shall remain unsatisfied at the expiration of thirty days from the serving of notice of entry of judgment upon … the insured, and upon the insurer, then an action may … be maintained against the insurer under the terms of the policy …."  § 3420(a)(2).

[6] Movants cite case law that predates the Court of Appeals' definitive decision in *Lang* holding that the requirements of § 3420 are substantive, not procedural.   *See*

Similarly, and for the same reason, courts in this Circuit have consistently denied intervention to injured parties in coverage actions between the insured and their insurer. *See, e.g.*, *American Empire Surplus Lines Insurance Co. v. Disano Demolition Company, Inc.*, 18-CV-5047, 2020 WL 7211286, *6 (E.D.N.Y. Nov. 12, 2020) (denying intervention where "[t]he underlying personal injury action in the state court is still ongoing and there has been no determination of liability on the part of the insureds"), *R. & R. adopted*, 2020 WL 7186793 (E.D.N.Y. Dec. 7, 2020); *National Fire Insurance Co. v. Starbro Construction Corp.*, No. 08-CV-3200, 2009 WL 2602281, at * 4 (E.D.N.Y. Aug. 24, 2009) (denying motion because, pursuant to § 3420, "right to sue [insurers] for indemnification…is contingent on both a finding of liability as to Defendants, as well as the failure of Defendants to pay [the injured party] for thirty days," neither of which had occurred); *Hartford Insurance Co. v. Mitlof*, 123 F. Supp.2d 762, 770-71 (S.D.N.Y. 2000) (holding that personal injury claimant was "barred by N.Y. Ins. Law § 3420 from intervening" in declaratory judgment action under either Rule 24(a) or 24(b)).

As the court in *Mitlof* explained in denying both intervention as of right and permissive intervention, "[g]ranting [the injured parties] … intervention would circumvent the judgment requirement of § 3420, a prerequisite for actions by injured third parties against indemnity insurers, and create a right not contemplated by the state legislature."[7]

---

Memorandum Of Law In Support Of Motion To Intervene ("Movants' Mem."), Dkt. 28-1 at 9 (citing, inter alia, *deBruyne v. Clay*, No. 94-CV-4707, 1997 WL 471039, *4 (S.D.N.Y. Aug. 18, 1997)).  Judge Rakoff distinguished the same outdated case law on precisely that basis.  *Zyburo*, 60 F. Supp.3d at 534-35.

[7] *See also Freed v. U.S. Aviation Underwriters, Inc.*, 82 B.R. 9, 11 (S.D.N.Y. 1987) (granting summary judgment to insurer against injured party who had failed to file timely proof of claim against the insured party in bankruptcy action, and commenting that despite plaintiff's "plight, it cannot persuade us to sanction an end run around both New York's

123 F. Supp.2d at 770.  Without a judgment, the injured party's interest is neither yet sufficiently "direct, substantial, and legally protectable" to satisfy the requirements of intervention as of right, nor "an interest sufficient to justify permissive intervention." *Disano Demolition*, 2020 WL 7211286, at *9.  Rather, Movants' stated interest is contingent on whether it obtains a judgment in its favor in the State Action.

Recognizing the difficulty posed by New York's direct-action statute and the foregoing case law, Movants contend that this case "presents unique facts" because the insured, Father Kehagias, bears no economic risk (as a result of his discharge in bankruptcy), thereby making Movants the real parties in interest.  (Movants' Mem. at 9-10.)  Movants rely on two cases from district courts outside the Second Circuit where courts allowed intervention by injured parties who had not yet obtained judgments based on the rationale that the judgment could become impossible to collect.  *See New Hampshire Insurance Co. v. Greaves*, 110 F.R.D. 549, 552-53 (D.R.I. 1986); *Gainey Corp. v. Liberty Mutual Fire Insurance Co.*, No. 08-258, 2009 WL 10675375, at *5 (E.D. Ky. Aug. 14, 2009).  Neither case, however, involved New York law and therefore did not implicate N.Y. Ins. Law § 3420 and its condition precedents – i.e., a judgment – before an injured party may act against the insurer.  Nor did either case refer to any similar law of the states whose law applied.[8]

---

direct action statute and the procedures set forth in the Bankruptcy Code").  The Court agrees with Movants that *Freed* is distinguishable from the circumstances here given the court's concern there with the plaintiff's failure to file a proof of claim and seek relief from the automatic stay to pursue a direct claim.  Nonetheless, *Freed* recognizes the prohibitory implications of New York's direct-action statute for injured parties who, without having obtained a judgment, seek to bring claims against insurers of the insured party.

[8] In reply, Movants assert that both states have direct action statutes "requiring generally that a judgment be obtained against the insured before using the insurer."  (Movants'

In sum, Movants have not demonstrated an interest sufficient to require or warrant intervention under Rule 24.  That alone is grounds for denying intervention, *R Best Produce,* 467 F.3d at 241, whether as of right under Rule 24(a) or by permission under Rule 24(b).  *See Disano Demolition*, 2020 WL 7211286, at * 9 (denying intervention as of right and permissive intervention in the absence of a judgment in underlying action); *Mitlof*, 123 F. Supp.2d at 771 (same).

### 2.      Adequacy Of Protection

Even if Movants had a cognizable interest sufficient to merit intervention, they overstate the extent to which that interest would not be protected by Father Kehagias's prosecution of the instant action against the Insurers.  After all, Father Kehagias filed, and has continued to prosecute, the instant action for the very purpose of securing a declaration that the Insurers are obligated to provide coverage for both the cost of defense in the State Action and indemnification in the event a judgment is entered against him or a settlement is reached.   (*See* Dkt. 15-3 (Corrected Amended Complaint), Dkt. 17 (deeming Corrected Amended Complaint the operative pleading).)

Movants nonetheless assert that Father Kehagias has no incentive to pursue the case aggressively and could well be inclined simply to default in the State Action. (Movants' Mem. at 12.)  As they put it, "[a]bsent a risk of personal liability, there is nothing to defend."   (*Id.*)   But as Father Kehagias points out, he has both economic and reputational interests in play.  First, he is bankrupt, unemployed, and has no money to pay for litigation.  (Kehagias Sur-Reply at 5.)  He therefore needs coverage by the Insurers

---

Reply at 5.)  Even if that is so, neither *Greaves* nor *Gainey* addressed or analyzed the issue of the extent to which the absence of a judgment precluded intervention.

to pay for his defense costs.  (*Id.*)  Second, a judgment against him may lead to renewed public scrutiny that he seeks to avoid.  (*Id.* at 5 n.3.)  And, economically, "any judgment would become a new judgment impairing his credit, and requiring him seeking an Order to have it discharged."[9]  (*Id.* at 5.)

Movants challenge those assertions, calling out Father Kehagias's arguments in the State Action as well as representations made by his attorney.  As described above, Father Kehagias affirmatively took the position in the State Action that, based on the finding that that the alleged misconduct was outside the scope of his employment, the Insurers do not have a duty to provide coverage.  Having done so, Movants contend, Father Kehagias has demonstrated "a lack of commitment to advocating for insurance coverage" that confirms his inadequacy in protecting Movants' interests.  (Movants' Mem. at 14.)  The Court agrees with the Insurers, however, that Father Kehagias's arguments in the State Action that there was no insurance coverage do not evidence a lack of intent to prosecute the instant coverage action but rather "an argument designed to extricate Father Kehagias from the [State] Action as a defendant."  (Philadelphia Mem. at 7.[10])  As the court in the State Action squarely rejected Father Kehagias's argument, leaving

---

[9] As the Movants' point out, under New York law, an insurer's duty to defend is broader than the duty to indemnify. (Movants' Reply at 7.)  "Accordingly," Movants argue, "it is quite plausible that Father Kehagias could establish a duty to defend without needing to demonstrate a duty to indemnify."  (*Id.*)  But that remains entirely speculative and conclusory at this juncture.

[10] "Philadelphia Mem." refers to Defendant Philadelphia Indemnity Insurance Company's Memorandum Of Law In Opposition To Motion To Intervene filed on Nov. 30, 2023 (Dkt. 30).

Father Kehagias to defend the State Action, "there is no reason to believe that [his attorney] will not vigorously defend it or prosecute the coverage action." (*Id.*)

Characterizing as disingenuous Father Kehagias's asserted need for coverage of defense costs, Movants point to the fact that in the State Action, Father Kehagias's attorney Matthew Kaufman (who also represents him in the instant action) informed the court that, despite Father Kehagias's bankruptcy discharge, Mr. Kaufman agreed to continue to represent Father Kehagias and to do so "pro bono, that is, without further charge." (Movants' Reply at 6 (citing Second Mermelstein Decl. Ex. B at ¶ 19).) Mr. Kaufman's representation, however, does not mean that, once the State appellate court rejected Father Kehagias's no-duty-to-defend argument, neither he nor Mr. Kaufman had an interest in securing coverage from the Insurers. Movants' arguments also overlook the expenditure of costs, apart from attorney's fees, that Father Kehagias has incurred and will continue to incur in the State Action.[11]

### 3.    Additional Considerations For Permissive Intervention

In considering permissive intervention, the Court must take into account potential delay of the proceedings and prejudice to the original parties to the action. Rule 24(b)(3). The Insurers argue that the focused discovery to which the parties have agreed and expect to complete within 90 days will be compromised if intervention is permitted. (*See* Philadelphia Mem. at 8.) The Court is not particularly swayed by that argument. The Insurers have not specified in what way or to what extent discovery would need to be expanded if Movants were permitted to intervene.

---

[11] For the same reasons, the Court is not persuaded by Movants' suggestion that Father Kehagias may not have standing in the instant action. (*See* Movants' Mem. at 12-13.)

But even though neither prejudice nor delay are of material concern, permissive intervention should be denied for the same reasons that dictate denying intervention as of right. Movants do not have a cognizable interest to intervene and assert a direct action against the Insurers without a judgment in the State Action. And, there is little reason at this juncture to believe that Father Kehagias will not vigorously prosecute the case that he has filed. Nor is there reason to believe that Movants will substantially contribute to development of the relevant issues. Movants do not have any independent knowledge of the relevant factual questions at issue. "The more relevant factual questions here involve the construction of the [Insurer's] Policy – to which Movants were not parties – and the content of [the insured] and [the Insurer's] communications – to which Movants were not privy." *Bulson Management*, 2020 WL 6586156, at *4.

## C.   Alternative Relief

As alternative relief, Movants propose that they be permitted to participate as amici curiae or that the instant action be stayed pending judgment in the State Action.[12] The Insurers do not object to a stay. (Dkts. 37, 40.) Father Kehagias does object, however, on the basis that he needs a prompt declaration that the Insurers must provide coverage for his defense of the State Action. (Kehagias Sur-Reply.) The Court agrees that it would be unfair to Father Kehagias to stay the instant action while he is heading into trial.

The Court is amenable, however, to Movants participating as amici curiae in a limited capacity, namely submitting briefing on summary judgment. Movants' limited role

---

[12] Movants first raised their proposed alternative forms of relief in reply. Father Kehagias is correct that the Court could deny consideration of them on that basis alone. (*See* Kehagias Sur-Reply at 2-3.) The Court, however, received sur-replies from the Insurers and Father Kehagias for the express purpose of addressing those alternatives. Accordingly, the Court finds no reason to decline considering them.

in that respect poses no material threat of delay or complicating the proceedings. At least two other cases that have denied intervention in insurer declaratory judgment actions have allowed the movants to participate as amici curiae. *See Alcoa Steamship*, 2005 WL 427593, at *11; *Kheel v. American Steamship Owners Mutual Protection and Indemnity Association*, 45 F.R.D. 281, 285 (S.D.N.Y. 1968). To be sure, those cases are distinguishable as maritime cases involving a large number of claimants (over 10,000 in *Alcoa*, and 120 in *Kheel*). And in allowing movants to participate as amici curiae in *Alcoa*, the court observed that "[movants] and their counsel [were] extremely knowledgeable about many of the issues that the Court will be asked to consider." *Alcoa*, 2005 WL 427593, at *11. The Court has no basis to draw such a conclusion here. Nonetheless, allowing Movants to submit briefing on summary judgment strikes the Court as fair, just, and efficient. And, in the event Movants obtain a judgment in their favor in the State Action while the instant action remains pending, they will be able to renew their motion to intervene.

## Conclusion

For the foregoing reasons, the motion to intervene is denied without prejudice as premature. Movants, however, may, at the appropriate time, file a brief as amici curiae with respect to any motion for summary judgment filed by the parties and may renew their motion to intervene in the event they obtain a favorable judgment in the State Action.

SO ORDERED.

_____
ROBERT W. LEHRBURGER
UNITED STATES MAGISTRATE JUDGE

Dated:  December 27, 2023
        New York, New York